**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2342-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PAUL PFIESTER,

    Defendant-Appellant.

_____

>Argued June 5, 2025 – Decided August 4, 2025
>
>Before Judges Sumners and Susswein.
>
>On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 23-19.
>
>Evan F. Nappen, argued the cause for appellant (Evan F. Nappen Attorney at Law, PC, attorneys; Evan F. Nappen, of counsel; Ali Homayouni, on the briefs).
>
>Samuel Marzarella, Chief Appellate Attorney, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, of counsel and on the brief).

PER CURIAM

Defendant Paul Pfeister appeals a February 23, 2024 Law Division order affirming on de novo review defendant's municipal court conditional guilty plea conviction for violation of N.J.S.A. 23:4-16(d). That statute prohibits a hunter from possessing a loaded firearm while within 450 feet of an occupied building.[1] We are constrained to reverse and remand.

We discern the following facts and procedural history from the rather sparse record. In December 2022, an officer cited defendant for having a loaded firearm for the purpose of hunting within 450 feet of an occupied building. The ticket issued appears to refer to two buildings. The back of the ticket includes "officer's comments" where the officer wrote: "X street pumphouse 153 [feet] at . . . [Route] 70" and "213 [feet] from . . . Woodview [Drive][.]"

---

[1] N.J.S.A. 23:4-16, which specifies prohibited hunting practices, provides in pertinent part:

> No person, except the owner or lessee of the building and persons specifically authorized by [them] in writing, which writing shall be in the person's possession, shall, for the purpose of hunting, taking or killing any wildlife, have in [their] possession a loaded firearm while within 450 feet of any occupied building in this State, or of any school playground.

> [N.J.S.A. 23:4-16(d)(1).]

2

On September 13, 2023, defendant appeared with counsel before the municipal court to address the ticket. The ensuing municipal court proceeding focused solely on the pumphouse location. Defendant moved to dismiss the ticket, claiming the charge based on proximity to a pumphouse is an as applied constitutional violation.[2]

When defendant told the municipal court judge he did not want a trial to challenge the distance measured to the pumphouse, the judge suggested a conditional guilty plea. Defendant and his counsel accepted the judge's suggestion and defendant entered a conditional guilty plea, thereby preserving

---

[2] Defendant in his appeal brief also alludes to an as applied constitutional challenge to the statute but does not elaborate on the claimed constitutional infirmity. We glean from the oral argument before us that defendant is making a void for vagueness argument. Counsel at oral argument acknowledged the present facts also implicate a statutory construction question as to whether this particular pumphouse is an "occupied building" as that term is used in N.J.S.A. 23:4-16. See State v. J.H.P., 478 N.J. Super. 262, 283 (App. Div. 2024) ("As a general rule, our courts strive to avoid reaching constitutional issues unless they are 'imperative to the disposition of the litigation.'" (quoting Strategic Env't Partners, LLC v. N.J. Dep't of Env't Prot., 438 N.J. Super. 125, 147 (App. Div. 2014))); Mueller v. Kean Univ., 474 N.J. Super. 272, 288 (App. Div. 2022) (holding that "under the doctrine of constitutional avoidance, 'when a statute is susceptible to two reasonable interpretations, one constitutional and one not,' courts assume the Legislature would want the courts to construe it 'in a way that conforms to the Constitution.'" (quoting State v. Pomianek, 221 N.J. 66, 90-91 (2015))).

the right to challenge the constitutionality/applicability of the pumphouse-related charge on appeal.

Defendant then filed a trial de novo appeal to the Law Division claiming the municipal court judge erred in denying his motion to dismiss. The hearing in Superior Court was convened on February 23, 2024. The Law Division judge questioned defense counsel on whether defendant was seeking to withdraw the guilty plea. Counsel replied that his client was not seeking to withdraw his guilty plea, and that "if the appeal is unsuccessful, then the fine stands. That was what [defendant] agreed to as part of his plea." The Law Division judge proceeded to uphold defendant's conviction and ordered defendant to pay the same $100 penalty and court costs that had been imposed by the municipal court.

Notably, however, the Law Division judge never addressed whether the pumphouse was an occupied building within the meaning of the statute. Nor did the judge address whether the charge constituted an as applied constitutional violation. Rather, the judge reasoned there was an alternative ground upon which to find defendant guilty given that the ticket also stated the loaded gun was within "213 [feet] from . . . Woodview [Drive][.]"

This appeal followed. Because this matter comes to us under unusual circumstances, we requested oral argument to clarify the relevant facts and legal

4

issues raised on appeal. Defendant contends that the Law Division judge erred in deciding the trial de novo on an alternative ground that the parties had not raised to the municipal court. We agree and direct the Law Division to decide the pumphouse question.

In reaching this conclusion, we do not dispute the Law Division judge's reasoning that defendant need only have been within 450 feet of a single occupied structure to be guilty of the infraction. However, so far as the record before us shows, defendant only pled guilty to being within 450 feet of the "pump[]house," and not the Woodview Drive building, about which we know nothing other than its street address. We conclude that during the brief plea colloquy, defendant did not provide a factual basis with respect to the Woodview Drive building, which is needed in these circumstances notwithstanding that the plea was conditional.

At oral argument before us, the State argued that defendant gave an adequate factual basis because he admitted to being within 450 feet of the general "dwelling." We are unpersuaded that conclusory statement is sufficient to support a knowing waiver of the right to a bench trial in these circumstances. Stated another way, while we acknowledge the practical realities regarding guilty pleas in municipal court, it is not enough to essentially incorporate by

5

reference the information written on the back of a ticket, especially since there was no reference at the municipal court proceeding to the Woodview Drive address. Furthermore, it bears repeating that defendant entered a conditional plea to preserve the ability to challenge a conviction based on his proximity to the pumphouse. There would have been no point in preserving that right if the pumphouse question were academic because defendant also pled guilty based on his proximity to another building. In sum, we are not satisfied on this record that defendant knowingly pled guilty to possessing a loaded firearm within 450 feet of the Woodview Drive address.

Returning to the fact-sensitive issue that was preserved by pleading guilty conditionally, we decline to exercise what would be tantamount to original jurisdiction to determine the relevant facts pertaining to this particular pumphouse. See Goldfarb v. Solimine, 460 N.J. Super. 22, 37 (App. Div. 2019) (holding that "original jurisdiction 'should not be exercised in the absence of imperative necessity.'" (quoting City of Newark v. W. Milford Twp., 9 N.J. 295, 301 (1952))). Nothing in the record indicates, for example, how often the pumphouse is visited, or any other facts that might bear on whether it is occupied within the meaning of the statutory framework. Accordingly, we remand to the Law Division to address defendant's as applied constitutional/statutory

interpretation challenge that was preserved when his guilty plea was taken. We direct the parties to provide the Law Division judge with their appellate submissions to help the judge frame the factual and legal issues raised in defendant's appeal.

Reversed and remanded to the Law Division for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

7                                                                A-2342-23